FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT
E.D.N.Y.
*MARCH 25, 2026*
BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FIRST STUDENT, INC., | CIVIL ACTION NO.: 2:26-CV-1770 |
| Plaintiff, | **COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY AND PERMANENT INJUNCTION** |
| -v- | Judge Sanket J. Bulsara |
| International Brotherhood of Teamsters, Local Union No. 1205, | Magistrate Judge Anne Y. Shields |
| Defendant. | |

Plaintiff First Student, Inc. alleges as follows:

<u>**Nature of the Action**</u>

1.      This is an action for injunctive relief to stop the Defendant, a labor union representing school van drivers and driver assistants in Longwood, New York, from an unlawful and disruptive labor strike.  Defendant has threatened to strike as soon as April 1, 2026, and has rejected Plaintiff's request for assurances that it will not strike.  Defendant's strike would violate federal law, cause irreparable harm to Plaintiff, and impose massive hardship on schoolchildren and their parents.  Defendant threatens to deprive Longwood area students of transportation to and from school in a bad faith attempt to force Plaintiff to change settled contractual terms less than three years into a 4-year collective bargaining agreement that contains a no-strike clause. The agreement expressly prohibits this, and Plaintiff has demanded that the parties arbitrate this dispute, as the agreement requires any disputes concerning its terms must be addressed through the collective bargaining agreement's mandatory grievance and arbitration process.  But Defendant refuses to arbitrate and is stymieing the grievance and arbitration process through the

strike. Plaintiff asks the Court to enable the grievance and arbitration process to proceed by enjoining Defendant, and those acting in concert with Defendant, from unlawfully striking.

## The Parties

2. Plaintiff First Student, Inc. ("First Student") provides student transportation services to school districts. First Student partners with approximately 1,200 school districts across 43 states, including New York. On a daily basis, First Student safely transports millions of students between home and school in buses and vans. First Student also offers driver training, transportation consulting, and technology solutions for route optimization, tracking, and parent communication.

3. Defendant International Brotherhood of Teamsters Local Union No. 1205 (the "Local Union") is an unincorporated association that represents employees, including "all full-time and regular part-time drivers, driver assistants, employed by [First Student] at its facility located at: 57 Miller Place/Yaphank Road, Middle Island, NY." The National Labor Relations Board has certified the Local Union as the "sole and exclusive representative" for these employees.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 based on the existence of a federal question.

5. The Court has general jurisdiction over the Defendant Local Union because it resides in this District. The Court has specific personal jurisdiction over the Local Union because it is purposefully directing its activities to this District by threatening to unlawfully strike and refuse to transport students to and from schools located in this District.

2

6. Venue is proper in this Court because the Local Union's principal office is located in this District and actions upon which this Complaint is based have taken place here.

**Factual Background**

7. First Student has contracts with school districts across the country to transport students to and from school, including contracts with the Longwood Central School District in Longwood, New York.

8. First Student employs approximately 22,175 employees, including drivers, driver assistants, monitors, and mechanics, who are represented by local Teamsters unions. First Student is a party to approximately 260 collective bargaining agreements with locally organized Teamsters unions.

9. The Defendant Local Union represents approximately 100 school van drivers and driver assistants employed by First Student in Longwood.

10. Representatives of First Student negotiated in good faith with the Local Union to reach a collective bargaining agreement that governs all terms and conditions of the van drivers' and driver assistants' employment. Critically, the Local Union agreed to resolve all disputes regarding these terms and conditions through a grievance and binding arbitration process. First Student provided economic and other consideration for "labor peace," i.e. the Local's no-strike commitment for a 4-year collective bargaining agreement commencing on July 1, 2023 (the "Local CBA").

11. Pursuant to the Local CBA, First Student recognizes the Local Union as "the exclusive representative of all its school bus drivers, driver assistants, servicing its Longwood SD Contract...for the purpose of collective bargaining in respect to the rates of pay, wages, hours of employment and other conditions of employment."

12. The employees covered by the Local CBA transport students to and from schools in the Longwood Central School District.

13. The Local CBA expires on June 30, 2027.

14. Article 30 of the Local CBA states that, during the term of the agreement, "there shall be no reopening to consider wages, working conditions or other terms of employment."

15. First Student and the Local Union negotiated and agreed that the Local CBA would prohibit strikes. Article 11 of the Local CBA is titled "No Strikes – No Lockouts." Section 11.1 states, "During the term of this Agreement, no employee shall engage in, without limitation on the following, any strike, sit-down, sit-in, slow-down, sympathy strike, picket, cessation or stoppage or interruption of work, or boycott interfering with or initiated against the operations of the Employer." Section 11.2 states, "During the term of this Agreement, the Union, its officers, representatives and members, shall not in any way, directly or indirectly, authorize, assist, encourage, participate in or sanction (without limitation on the following) any strike, sit-down, sit-in, slow-down, sympathy strike, picket, cessation or stoppage or interruption of work, or boycott interfering with or initiated against the operations of the Employer, or ratify, or condone or lend support to any such action initiated by any person or entity."

16. First Student and the Local Union negotiated and agreed, as set forth in Article 17 of the Local CBA, that "[t]he Union's Health and Welfare Plan shall be the sole Health and Welfare Plan offered to employees." First Student and the Local Union agreed that First Student would cover eighty percent (80%) of the cost for a single employee. If the employee adds dependents, then First Student covers eighty percent (80%) of the cost for the employee, and the employee pays the remaining balance for their dependents. Subpart (c) of Article 17 states that, while "[t]he Union Health and Welfare Fund will be reasonably permitted to change benefits

during the term of [the] Agreement…in no event shall the contribution rates for said benefits exceed the limits set forth in Article 17." Subpart (i) of Article 17 reaffirms that, even if First Student were to exercise a limited option to reopen the terms regarding healthcare coverage in response to changes in legislation or regulation, the "No-Strike/No-Lockout clause" in Article 11 would be remain in effect, and First Student and the Local Union would honor their respective obligations thereunder. First Student and the Local Union did not bargain for or agree that all tiers of the health plan would be covered at 80%.

17.     First Student and the Local Union negotiated and agreed that the Local CBA would provide a retirement benefit. Article 18 of the Local CBA is titled "Retirement Plan." Subsection (a) of Article 18 provides that employees can "participate in the Teamsters – National 401(K) [sic] Saving Plan." First Student agreed to contribute to that plan, on a per-employee basis: twenty-five ($25) dollars for each month worked in year one; fifty ($50) dollars for each month worked in year three; and seventy-five ($75) dollars for each month worked in year four. First Student and the Local Union did not bargain for or agree to any provisions regarding a pension plan, and the Local CBA does not contain any pension plan benefit but instead provides for the above-referenced 401(k) benefit.

18.     As reflected in Article 16 of the Local CBA, First Student and the Local Union negotiated and agreed that employees would be guaranteed 38 paid weeks of work during the school year, exclusive of summer months, plus one additional week for those with two to three years' service, or two additional weeks for those with three-plus years of service. First Student and the Local Union agreed upon those terms in lieu of, and as a substitute for, any additional pay for holidays, personal days, cancellation days, or paid time off.

19. With respect to daily guaranteed pay, Article 21, Section 9 of the Local CBA states that van driver and driver assistants will be guaranteed four-and-one-half hours during the standard school year. Under Section 10 of Article 21, employees who are willing to work, and who sign up for work in the summer months, are guaranteed four hours during those months. First Student and the Local Union did not bargain for or agree to additional guaranteed minimum hours.

20. First Student and the Local Union negotiated and agreed that eligibility for overtime would be calculated based on hours actually worked. Specifically, Article 15 of the Local CBA states, "[a]ll hours worked in excess of forty (40) hours in a workweek shall be compensated at time and one half (1 ½) the employee's regular straight time hourly rate of pay and/or a blended rate if applicable during the pay period." First Student and the Local Union did not bargain for or agree to include hours not actually worked in determining whether an employee is eligible for overtime.

21. First Student and the Local Union negotiated and agreed that the Local CBA would provide for employee leave time in certain circumstances. Article 19 provides for six sick days per school year, which can be used in half-day increments; FMLA; and additional leaves of absence with permission from First Student. First Student and the Local Union did not bargain for or agree to add paid personal days.

22. First Student and the Local Union negotiated and agreed that the Local CBA would set forth a mandatory grievance and arbitration process. Article 10 of the Local CBA is titled "Grievance Procedure." The Article defines "grievance" as "any controversy, complaint, misunderstanding or dispute." The Article sets out a procedure for presenting grievances and attempting to resolve them. The Article states, "[i]f no agreement can be reached…either party

may refer the matter to arbitration," and "agree to accept the decision of the arbitrator as final and binding." Article 10 further states that, if First Student has a grievance with the Union, First Student "may proceed with that grievance directly to the arbitration phase of [Article 10]."

23.     First Student is party to approximately 260 other collective bargaining agreements with local Teamsters unions. Like the Local CBA, these agreements contain no-strike provisions and grievance and arbitration procedures, as well as similar bargained for and agreed-upon terms concerning retirement, health insurance, guaranteed minimum hours, calculable time for overtime eligibility, and paid time off.

24.     First Student is also party to a separate national agreement with the International Brotherhood of Teamsters that contains certain general, non-economic terms relating to all Teamster-represented employees (the "National Agreement").

25.     The National Agreement took effect on April 1, 2021, and expires on March 31, 2026.

26.     The National Agreement says that it "shall [] renew itself from year to year unless either party to the Agreement gives written notice to the other party at least sixty (60) days prior to the expiration of this Agreement of a desire to change, amend, or terminate this Agreement."

27.     On December 1, 2025, the International Brotherhood of Teamsters sent First Student a letter stating that it "wishes to modify and/or revise our [National] Agreement as of the current expiration date."

28.     The International Brotherhood of Teamsters and First Student have been negotiating terms of a new National Agreement but have not reached a deal.

29.     The International Brotherhood of Teamsters, acting in concert with this Local Union and others, is demanding that First Student agree to new terms relating largely to

economic issues that are governed by currently operative, and substantially distinct, local collective bargaining agreements, including the Local CBA.

30. The International Brotherhood of Teamsters, acting in concert with this Local Union and others, is demanding that First Student agree to provide: a pension fund instead of a 401(k) benefit; a union-provided health insurance plan with First Student covering 80% of the monthly premiums for employees and their dependents instead of an employer-provided health insurance plan; a minimum of six guaranteed hours per day instead of 4.5-hour guarantees in the school year and 4 hours guaranteed in the summer; calculation of the 40-hour threshold for eligibility for overtime pay by including all paid time, such as holidays and sick time, rather than only time actually worked; and a minimum of three paid personal days in addition to the limited paid time off referenced in the Local CBA. Each of these proposals contravenes the terms of the Local CBA.

31. The International Brotherhood of Teamsters, in concert with this Local Union and others, has said it will call a nationwide strike when the National Agreement expires on March 31, 2026, if First Student does not yield to those demands for new economic terms.

32. On March 12, 2026, the Teamsters issued a written bargaining update about their negotiations with First Student. In that update, the Teamsters declared that they are authorizing an imminent, nationwide strike to begin once the National Agreement expires on March 31, 2026. The Teamsters further informed their members that First Student employees will be called to participate in the strike regardless of whether their local collective bargaining agreements contain promises not to do so.

33. On March 20, 2026, First Student sent the Local Union a letter explaining that the threatened strike would cause "immediate and irreparable harm." First Student asked the Local

Union to provide assurance that it would not go on strike. Specifically, First Student asked the Local Union to "notify [First Student] in writing by 12:00pm, Monday, March 23, 2026 that you will honor your commitments under the no strike clause and other provisions of the collective bargaining agreement. If we do not receive confirmation from you within that time frame, we will accept that as notification that you have repudiated your agreement and intend to strike/engage in other economic activity."

34. On March 24, 2026, and pursuant to Article 10 of the Local CBA, First Student served the Local Union with a Demand for Arbitration, stating that the Local Union, by its behavior in insisting to change negotiated terms, is violating Article 30 of the Local CBA, which prohibits "reopenings to consider wages, working conditions or other terms of employment" during the term of the agreement. The Local Union's conduct further violates Articles 16, 17, 18, 19, and 21, concerning retirement, health insurance, paid time off, guaranteed minimum hours per day, minimum number of holidays, sick time, and calculation of eligibility for overtime pay.

35. The Local Union has not responded to First Student's March 20 letter seeking its assurance not to strike nor its Demand for Arbitration.

**Count I – Claim for Injunctive Relief for Violation of Federal Law, 29 U.S.C. § 185 and 29 U.S.C. § 52**

36. First Student realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 35 above.

37. The Local Union, in concert with the International Brotherhood of Teamsters and other local Teamsters-affiliated unions, will imminently go on strike at schools in the Longwood Central School District in violation of the Local CBA's no-strike clause. By striking, the Local Union will hold those schools, their students, and the students' parents hostage in an attempt to

9

coerce First Student to attempt to change collectively bargained terms and avoid the grievance and arbitration process set forth in the Local CBA.

38. Any disputes concerning retirement benefits, health insurance, minimum guaranteed hours, cancellation pay, and leave time are grievable and subject to arbitration under the terms of the Local CBA.

39. Article 30 of the Local CBA prohibits "reopening to consider wages, working conditions or other terms of employment" in the Local CBA.

40. First Student has not consented to change the terms of the Local CBA.

41. The Local Union refuses to follow the Local CBA's mandatory grievance and arbitration process to resolve any disputes concerning the economic terms and conditions of the Local Union's relationship with First Student.

42. The Local Union's imminent strike is a breach of the express terms of the Local CBA and a violation of 29 U.S.C. § 185 and 29 U.S.C. § 52.

43. By striking, the Local Union will substantially disrupt and interfere with First Student's operations. The Local Union will prevent First Student from meeting its contractual obligations to transport students to and from schools in the Longwood Central School District. First Student does not have backup resources, such as replacement drivers, to provide student transportation services in the event of a strike. Consequently, the strike will devastate First Student's advantageous business and contractual relationships with schools in the Longwood Central School District.

44. The Local Union's strike also would harm students, and their parents, who rely on Plaintiff's transportation services. Parents would have to scramble to make alternative arrangements or keep their children home from school. In other words, by striking, the Local

Union would deny children access to education. The strike also would cause significant harm to First Student's reputation, from which First Student may never recover.

45.     A prior strike of First Student employees by another locally organized union resulted in First Student losing approximately 45% of its routes in that district to a competing student transportation company.

46.     A nationwide strike would cause the reduction or suspension of approximately 15,200 transportation routes and the loss of approximately 1,000 to 2,000 drivers, which would cause material harm to First Student's operations.

47.     First Student bargained with the Local Union in good faith for the grievance and arbitration provision in the Local CBA. The Local Union is ignoring its obligation to abide by that provision.

48.     If the Court does not enjoin the strike, then the grievance and arbitration provision of the Local CBA will be rendered meaningless.

49.     The Court has the authority to enjoin, and should enjoin, Local Union's conduct, in aid of arbitration, to preserve the status quo. The Court should enjoin the Local Union from striking, or otherwise not performing or interfering with the completion of employees' assigned work, and it should enjoin Defendant and anyone acting in concert with it, from engaging in any other disruptive economic activity.

WHEREFORE, being without adequate remedy at law, Plaintiff requests equitable relief and prays:

> A.     That until a full and complete hearing of this action can be had, a temporary restraining order immediately issue from this Court restraining and enjoining Defendant, its respective officers, agents, members, and others acting in concert or participating with it, from engaging in acts as described in Plaintiff's Motion (by Order to Show Cause) for Temporary Restraining Order and Preliminary Injunction.

B.     That upon hearing of this case, Defendant and its respective officers, agents and persons acting in concert with it be preliminarily and permanently enjoined and restrained in the manner herein described.

C.     That the Court grant Plaintiff First Student such other and further relief as the Court deems just and proper.

Respectfully submitted,

FIRST STUDENT, INC.,
By its attorneys,

FOLEY HOAG LLP

/s/ *Robert P. Haney*
Robert P. Haney
James W. Bucking (*pro hac vice* forthcoming)
Allison L. Anderson (*pro hac vice* forthcoming)
Patrick Scully (*pro hac vice* forthcoming)

1301 6th Avenue
New York, NY 10019
rhaney@foleyhoag.com
212 812 0356

155 Seaport Boulevard
Boston, MA 02210
617 832 1000
jbucking@foleyhoag.com
alanderson@foleyhoag.com

1331 17th Street, Suite 600
Denver, CO 80202
720 782 5080
pscully@foleyhoag.com

Dated: March 25, 2026